UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANTONIO MAURICE JOHNSON, a/k/a
Rico,

*Defendant-Appellant.*

No. 00-4436

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-99-256)

Submitted: January 31, 2002

Decided: March 12, 2002

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

M. Gordon Widenhouse, Jr., RUDOLF, MAHER, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antonio Maurice Johnson pled guilty to conspiracy to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C.A. § 841(a), 841(b)(1)(A) (West 1999 & Supp. 2001), and was sentenced to a term of 300 months imprisonment. Johnson appeals his conviction and sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (1998), and also argues that he was incorrectly sentenced as a career offender. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2000). We affirm the conviction and find that the sentence does not offend *Apprendi*. However, we grant Johnson's motion to amend the record with respect to the career offender sentence. We vacate the sentence, and remand for further proceedings concerning the district court's determination that Johnson had the necessary predicate convictions to qualify as a career offender.

Johnson first contends that the indictment was defective because it did not allege either the specific quantity of cocaine for which he was personally responsible or the specific enhanced penalty he faced. Because Johnson did not challenge the sufficiency of the indictment in the district court, his claim is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (appeals court will notice unpreserved error if error in fact occurred, was plain, affected substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings). This court has held that, under *Apprendi*, drug quantity and type are elements of § 841. *United States v. Promise*, 255 F.3d 150, 152 (4th Cir.) (en banc), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398). Here, the indictment charged Johnson with distributing a particular threshold quantity of cocaine, five kilograms, which subjected him to an enhanced penalty of ten years to life under 21 U.S.C.A. § 841(b)(1)(A). We find no error in the form of the indictment or in Johnson's conviction. *See Promise*, 255 F.3d at 160.

Johnson also asserts, in his reply brief, that his guilty plea was not knowing and voluntary because he was not informed that the government would have to prove the quantity of cocaine attributable to him beyond a reasonable doubt. *See United States v. Stewart*, 256 F.3d 231, 252 (4th Cir.), *cert. denied*, 122 S. Ct. 633 (2001) (holding that, if the evidence concerning drug quantity is uncontested and overwhelming, the defendant's substantial rights are not affected by the failure to instruct the jury on that element of the offense); *see also United States v. Montgomery*, 262 F.3d 233, 252 (4th Cir. 2001), *cert. denied*, 122 S. Ct. 845 (2002). Assuming without deciding that the district court's failure to so inform Johnson was error, even plain error, it did not affect his substantial rights because the evidence that Johnson was guilty of an offense involving more than five kilograms of cocaine was both overwhelming and uncontested.

Johnson also claims that, under *Apprendi*, the district court should have determined the amount of cocaine attributable to him beyond a reasonable doubt. This court has determined, however, that factual determinations that increase the sentence under the guidelines do not implicate *Apprendi* and may be made by the district court by a preponderance of the evidence. *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001).

Finally, Johnson argues that he should not have been sentenced as a career offender because his 1997 North Carolina felony drug conviction was obtained in violation of his constitutional protection from double jeopardy because he had already been assessed a North Carolina drug tax for the drugs involved. We have held that the North Carolina drug tax, *see* N.C. Gen. Stat. §§ 105-113.105 to 105-113.113 (1999), constitutes a criminal penalty for purposes of the Double Jeopardy Clause. *Lynn v. West*, 134 F.3d 582, 588-93 (4th Cir. 1998). Johnson did not oppose the career offender designation on this ground in the district court. The issue he raises here is thus reviewed for plain error. *Olano*, 507 U.S. at 731-32.

In his initial brief and reply brief, Johnson argued that "the record strongly suggests that" his 1997 conviction violated double jeopardy because $1732 in cash was seized from him when he was arrested on August 27, 1997, with thirty-five pounds of marijuana[1] and it was

---

[1]The presentence report states that the amount was 32 pounds of marijuana, but this appears to be a mistake because State Bureau of Investiga-

routine practice for North Carolina authorities to assess a drug tax on drugs and money seized in such circumstances. Johnson subsequently moved to amend the record and submitted documents disclosing that he was assessed a controlled substance tax of $55,566 on September 2, 1997, and that the state applied the $1732 seized from him to payment of the tax. If the drug conviction occurred after that date, the conviction violated double jeopardy under *Lynn v. West* and may preclude use of the 1997 drug conviction as a predicate offense for the career offender sentence.[2]

Because a factual question remains that should be considered first by the district court, we affirm Johnson's conviction but vacate the sentence and remand for further proceedings. On remand, the district court should consider the effect on the career offender designation of the evidence that Johnson was assessed a drug tax soon after his 1997 arrest. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

tion Report of Arrest and/or Seizure submitted with Johnson's motion to amend the record shows that 35 pounds of marijuana were seized with the cash. *See* Attachment A to the motion.

[2]It is not clear that Johnson may challenge the career offender sentence enhancement under *Lynn*, which dealt with a statutory sentence enhancement. Application Note 6 to USSG § 4A1.2 directs that sentences from prior convictions should be counted unless they have been reversed, vacated, or ruled constitutionally invalid in a prior proceeding. Johnson's 1997 drug conviction has not been reversed, vacated, or ruled constitutionally invalid. Application Note 6 further states that, "this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (*e.g.*, 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions)."